[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, of felony murder, in violation of General Statutes § 53a-54c and four other related charges for which the petitioner received a total, effective sentence of fifty years incarceration
In his amended petition, the petitioner claims that his confinement is unlawful because his trial counsel, Attorney John L. Stawicki, rendered ineffective assistance by failing to preserve the petitioner's right to appeal from the judgment of conviction
Stawicki was appointed to represent the petitioner as a special public defender Stawicki handled the petitioner's case for over a year, which case culminated in a jury trial at which the petitioner was found guilty of felony murder and related charges. On May 21, 1992, the petitioner was sentenced. Following imposition of sentence, the court clerk handed to the petitioner notices of the right to appeal and the right to sentence review The clerk informed the petitioner that by signing these documents CT Page 9311 the petitioner would be acknowledging receipt of them. Before the petitioner signed the documents, Stawicki explained to the petitioner what they were and also what had to be done to initiate the appeal. In particular, Stawicki explained that, in order for the appellate process to start in motion, an application for waiver of costs and fees and appointment of appellate counsel had to be filed. After receiving this information the petitioner signed the notice forms.
Stawicki then asked the petitioner if he wanted Stawicki to initiate the appeal process or forward the matter to the Chief Public Defender's Office so that the appellate unit at that office might begin the appeal Angered by the verdict and lengthy sentence imposed, the petitioner abruptly told Stawicki that he wanted Stawicki to have no contact with his case any longer Stawicki respected the petitioner's desire and and no further communication with the petitioner regarding the case
At the time of sentencing, the petitioner was nineteen years old He was fluent and literate in English despite dropping out of school in the tenth grade. The petitioner had lost significant time from school because he was placed at Long Lane School The petitioner had had previous experience with the criminal justice system at the time of his trial.
Despite the advice of the clerk, Stawicki, and the contents of the notice itself, the petitioner mistakenly believed that signing the notice of right to appeal form was all that was necessary to begin his appeal. Sometime after the period in which to file an appeal had lapsed, the petitioner contacted the clerk's office inquiring as to the status of his appeal. He learned that no appeal had been started.
On May 26, 1993, the petitioner filed this habeas corpus action. An evidentiary hearing was held on August 24, 1995
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id. CT Page 9312
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The petitioner contends that, even though he may have discharged Stawicki, Stawicki still had a professional obligation to ensure that the petitioner properly perfected his appeal. The petitioner offered no legal expert's testimony on this proposition, nor did he provide any caselaw or other authority supporting his contention. The court rejects this argument.
Stawicki properly advised the petitioner regarding the initiation of the appeals process. Stawicki willingly offered his assistance to the petitioner in filing the application for waiver of costs and fees and the appointment of appellate counsel or in having the appellate unit of the Chief Public Defender's Office process the appeal. The petitioner, out of anger and frustration, curtly refused Stawicki's assistance and discharged him. It was the petitioner's errors, not his counsel's, which resulted in the failure to file a timely appeal. Under Rules of Professional Conduct 1.16(a)(3), a client has the right to discharge his lawyer at any time. Once the petitioner, in no uncertain terms, told Stawicki to play no further role in his case, Stawicki was justified in refraining from providing additional advice.
The petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Stawicki's representation was substandard, and, therefore, the first component of the Strickland
test is unsatisfied.
For these reasons, the petition is dismissed.
Sferrazza, J.